**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| THE BLACK SHEEP, INC.,[1] | ) | Case No. 26-01105 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |
| | ) | |

**SECTION 1188(C) STATUS REPORT OF SUBCHAPTER V PROCEEDING**

The Black Sheep, Inc., a Delaware corporation with its principal place of business in Illinois (the "**Debtor**"), debtor and debtor-in-possession, hereby submits its report detailing the efforts it has undertaken and plans to undertake to attain a consensual plan of reorganization (the "**Report**") made pursuant to section 1188(c) of title 11 of the United States Code (the "**Bankruptcy Code**"):

**I.      THE DEBTOR AND COMMENCEMENT OF THE CHAPTER 11 CASE**

1.      The Debtor is a college-focused campus marketing business.[2] Through content creation, field marketing, market research, and paid advertising, the Debtor spreads awareness of its clients' brands on college campuses nationwide. As one of the largest agencies operating in this space, the Debtor offers its clients unique access to an audience—namely, the 12-to-27-year-old "Gen Z" demographic—with an estimated $360 billion in spending power. The Debtor's client base primarily consists of student housing operators and consumer brands.

2.      The Debtor coordinates with over 2,000 student ambassadors on more than 200 college campuses. These ambassadors utilize their relationships and social-media presences to reach college students in a more authentic and efficient manner than conventional marketers are capable of achieving.

3.      The primary cause of the filing of this chapter 11 case was the issuance of citations to

---

[1] The last four digits of the federal employer identification number of the debtor are 2063.

[2] More details about the Debtor can be found on the Debtor's website at https://theblacksheep.marketing.

1453938_2

discover assets (the "**Citations**") initiated by the Debtor's former landlord (the "**Former Landlord**"). The Former Landlord held a judgment against the Debtor entered in the Circuit Court of Cook County, Illinois, in the approximate amount of $660,000. As a result of the Citations, the Debtor's primary bank account was frozen on approximately December 17, 2025, severely impacting the Debtor's operations. The Debtor engaged in numerous efforts to reach a resolution with the Former Landlord, both before and after entry of the Citations, but these efforts proved unsuccessful.

4. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 22, 2026 (the "**Petition Date**"), and elected to proceed under subchapter V, thereby commencing the above-captioned case (the "**Chapter 11 Case**").

5. On the Petition Date, the Office of the United States Trustee for Region 11 (the "**UST**") filed its Notice of Appointment appointing Neema T. Varghese as the subchapter V trustee (the "**Subchapter V Trustee**"). The Subchapter V Trustee continues to serve in that capacity.

## II. CREDITOR BODY

6. In addition to the Former Landlord, it appears five other creditors held secured claims against property of the Debtor's estate as of the Petition Date, totaling approximately $675,000. For the reasons explained in greater detail in the *Emergency Motion for Entry of an Order Authorizing Use of Cash Collateral and for Shortened Notice Thereof*, Dkt. No. 9, it is the Debtor's position that only United Capital Funding Group LLC ("**UCFG**") holds a properly perfected secured claim. Based upon the Debtor's review of UCC records, the liens asserted by the remaining secured creditors (the "**Unperfected Creditors**") were not properly perfected as of the Petition Date and are subject to avoidance pursuant to section 544(a) of the Bankruptcy Code.

7. The schedules of assets and liabilities filed by the Debtor in the Chapter 11 Case list 36 creditors holding priority unsecured claims totaling $15,870.15, and 36 creditors holding non-priority

2

1453938_2

unsecured claims totaling $1,921,398.30. *See* Dkt. No. 29. Certain of these creditors were listed for notice purposes only, however, and several are identified as having unliquidated, disputed, or unknown claim amounts. *See id*. Additionally, many of the listed priority claims are those of the Debtor's employees, who were paid after the Petition Date pursuant to the Court's order authorizing the payment of certain prepetition wage claims. *See* Dkt. No. 23.

### III.   EFFORTS UNDERTAKEN TO ATTAIN A CONSENSUAL PLAN

8.      In the interest of facilitating ongoing operations and attaining a consensual chapter 11 plan, the Debtor negotiated and entered into a stipulation under which the Former Landlord agreed to dismiss the Citations, without prejudice. The Circuit Court of Cook County, Law Division, approved and entered the stipulation by entering its *Stipulation and Agreed Order Terminating Citations and Dismissing Supplementary Proceedings, Without Prejudice*, on February 9, 2026. As a result of the termination of the Citations, the Former Landlord can now be treated under a plan as a general unsecured creditor, and the funds previously frozen can be used to operate the Debtor's business in the ordinary course.

9.      Additionally, the Debtor has also made progress toward formulating the contents of its plan, including work toward calculating the projected disposable income that will be used to fund the plan. The Debtor has maintained contact with the UST, the Subchapter V Trustee, and counsel to several of its largest unsecured creditors, and intends to consult with these parties in the future regarding the contents of any proposed plan.

### IV.   EFFORTS TO BE UNDERTAKEN TO ATTAIN A CONSENSUAL PLAN

10.     The Debtor currently anticipates that it will file its plan on or before April 22, 2026, without the need to seek an extension of the deadline under section 1189 of the Bankruptcy Code. In the event of unanticipated developments, however, the Debtor reserves the right to seek such an

1453938_2

extension.

11. To advance preparation of its plan in an efficient manner, the Debtor intends to seek consensual waivers of the secured claims of the Unperfected Creditors, similar to its stipulation with the Former Landlord. To the extent these negotiations are successful, the Debtor will be able to treat the claims of the Unperfected Creditors as unsecured. To the extent these negotiations are unsuccessful, the Debtor intends to file adversary proceedings to avoid the applicable creditors' unperfected security interests.

12. The Debtor also intends to engage in discussions with UCFG to reconcile the amounts of postpetition interest and attorneys' fees that will be owed on its secured claim. Provided a payoff amount can be agreed upon, the Debtor's plan will likely seek to pay UCFG's secured claim in full, immediately upon confirmation.

13. Furthermore, the Debtor will continue to work diligently, with the assistance of counsel, on its projection of disposable income, a liquidation analysis, and other aspects of its plan. It will also consult with the UST, the Subchapter V Trustee, creditors, and other parties in interest, with the goal of timely filing a plan that is both consensual and readily confirmable.

Respectfully Submitted,

THE BLACK SHEEP, INC.

By: /s/ Tevin D. Bowens
　　　　　　Counsel for the Debtor

ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
TEVIN D. BOWENS, ESQ. (ARDC #6338559)
Adelman & Gettleman, Ltd.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050
tbowens@ag-ltd.com

1453938_2